■ ALLEN L. COBB, as President of THOMAS AVENUE ASSOCIATION, et al., on Behalf of Themselves and All Other Property Owners on Thomas Avenue, in the Town of Irondequoit, Monroe County, Similarly Situated, Appellants, v. COUNTY OF MONROE et al., Respondents.— Judgment in favor of the defendants County of Monroe and Hubert H. Oberlies reversed on the law and facts and a new trial granted, with costs to appellants to abide the event; judgment dismissing the complaint as to the defendants Town of Irondequoit and Fred E. Hussey affirmed, without costs. Memorandum: This action was brought to obtain a declaratory judgment that Thomas Avenue in the Town of Irondequoit, Monroe County, is three rods (49½ feet) in width, instead of four rods (66 feet), as contended by the defendants. Judgment after a trial was rendered in favor of the defendants. The principal question raised by the plaintiffs-appellants in the court below was whether an order altering the Old Merchants Road in the Town of Irondequoit and ordering that the road should be four rods in width, was duly adopted by the Commissioners of Highways in 1842, in accordance with the provisions of chapter 16 of the Revised Statutes of 1829. On this question, we agree with the opinion of the court below that the order appears to have been duly adopted. However, there is another question presented by the record which we believe requires further exploration, although the point was not explicitly raised by the plaintiffs in the court below or in their brief in this court. The road, so far as the record shows, has always been regarded as three rods or 49½ feet in width. The maps introduced into evidence, the earliest of which was made in 1907 and the latest in 1937, show the road to be that width. So far as appears from the record, the 1842 order was never implemented. The legal effect of the failure to use the road to the full width designated in the 1842 order depends upon the width of the road prior to the adoption of the order. If the Old Merchants Road was four rods in width prior to 1842 and the alteration by the 1842 order consisted only of altering its course, the fact that only three rods of the road have been used would be immaterial (*Walker* v. *Caywood,* 31 N. Y. 51). On the other hand, if the road had been originally only three rods in width and had been widened by the order to a four-rod road, and the additional width had never been used, the highway easement in the widened portion of the old road would be deemed abandoned by nonuser (*Walker* v. *Caywood, supra,* p. 62; *Matter of City of New York* [*Ludlow Ave.*], 164 App. Div. 839; *Gucker* v. *Lewis,* 249 App. Div. 858; see Highway Law, § 205, originally derived from Rev. Stat. of N. Y., 1829, vol. 1, p. 520, ch. 16, tit. 1, § 99). A new trial must therefore be had so that all the facts as to the width of the Old Merchants Road prior to 1842 and the history of subsequent user may be developed. However, the dismissal of the complaint as to the Town of Irondequoit and its Supervisor was proper since the road was taken over by the county as a county road in 1925

756

and has since been maintained as such. All concur. (Appeal from a judgment of Monroe Equity Term dismissing the complaint as to the Town of Irondequoit and its Supervisor and adjudging that Thomas Avenue was duly laid out as a four-rod road in 1842, and that the rights of the plaintiffs are subject to the rights of the County of Monroe and general public to maintain it to a width of four rods.) Present — McCurn, P. J., Kimball, Williams, Goldman and Halpern, JJ. [7 Misc 2d 141.]